IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CHERRY KING, as Mother and next of kin to
GABRIEL KING and CHERISH KING,
Minor Children,**

                  **Plaintiffs,**

v.                                                                             CIV. No. 97-1055 JP/JHG

**STATE OF NEW MEXICO, CHILDREN
YOUTH AND FAMILIES DEPARTMENT
CASE WORKER, EMILY KERRIGAN,
Individually and in her official capacity as
Employee of Children, Youth & Families
Department caseworker,**

                  **Defendants.**

### MEMORANDUM OPINION AND ORDER

The subject of this Order is Defendant Kerrigan's "Motion to Dismiss" [Doc. No. 9], filed January 6, 1998.  For the reasons stated below, Defendant's motion should be granted but Plaintiffs should be allowed to file a Second Amended Complaint.

Plaintiffs' Amended Complaint alleges violations of state and federal civil rights provisions against Defendant Kerrigan in her personal and official capacities.  In her motion, Kerrigan asserts three bases for dismissal of the claims against her.  First, she contends that the claims alleging violations of state civil rights laws should be dismissed both because those claims have previously been dismissed by the state court and because the claims are barred by sovereign immunity. Second, Defendant Kerrigan argues that Plaintiffs' federal claims against her in her official

capacity should be dismissed because Kerrigan is not subject to suit under 42 U.S.C. §1983. In their response, Plaintiffs concede these arguments. Therefore, Plaintiffs' state civil rights claims and their Section 1983 claims against Defendant Kerrigan in her official capacity should be dismissed with prejudice.

In her third argument in favor of dismissal Defendant Kerrigan tacitly relies upon the Tenth Circuit's holding in <u>Sawyer v. County of Creek</u>, 908 F.2d 663 (10th Cir. 1990) to maintain that Plaintiffs have failed to meet the heightened pleading standard that applies to claims against defendants who raise a defense of qualified immunity. Plaintiffs respond that heightened pleading is not required and that if it is, they should be given time to amend their complaint.

Before addressing the substantive aspects of Defendant Kerrigan's motion, I must initially decide whether to apply a heightened pleading standard to Plaintiffs' Amended Complaint. Defendant Kerrigan argues that the Court should apply a heightened pleading standard to these claims because Defendant Kerrigan has raised the defense of qualified immunity. Generally, a plaintiff's complaint need merely set forth a short and plain statement sufficient to give the defendant fair notice of what the claim is and the grounds on which it rests. <u>Lone Star Indus., Inc. v. Horman Family Trust</u>, 960 F.2d 917, 921-22 (10th Cir. 1992); Fed. R. Civ. P. 8(a)(1). However, the Tenth Circuit holds a plaintiff to a heightened pleading standard after a defendant raises a qualified immunity defense. <u>Sawyer v. County of Creek</u>, 908 F.2d 663, 666 (10th Cir. 1990). Specifically, the plaintiff must plead all the factual allegations necessary to sustain a conclusion that defendant violated clearly established law. <u>Id</u>. at 667. The Supreme Court cast doubt on this requirement through its decision in <u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 113 S. Ct. 1160 (1993).

In Leatherman, the Supreme Court held that a federal court cannot apply a heightened pleading standard in civil rights cases alleging municipal liability under Section 1983. Id., 507 U.S. at 168, 113 S.Ct. at 1163. The Court's rationale is quite broad and questions the appropriateness of applying a heightened pleading standard to civil rights cases in which the defendant asserts qualified immunity. See id. ( "[T]he Federal Rules do address . . . the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983. Expressio unius est exclusio alterius."). However, the Supreme Court expressly stated that Leatherman offered "no occasion to consider whether our qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials." Id., 507 U.S. at 166-67, 113 S.Ct. at 1162.

The Tenth Circuit has not decided whether the Leatherman rationale overturns the decision in Sawyer. Several district courts in the Tenth Circuit have determined that Leatherman effectively overturns Sawyer. See, e.g., Sapp v. Cunningham, 847 F. Supp. 893, 900 (D. Wyo. 1994); Gardetto v. Mason, 854 F. Supp. 1520, 1529 (D. Wyo. 1994). Several other courts within this circuit have held that Leatherman does not overrule Sawyer. See, e.g., Bauchman v. West High Sch., 900 F. Supp. 254, 265 (D. Utah 1995); Reidenbach v. Unified Sch. Dist. No. 437, 878 F. Supp. 178, 180-81 (D. Kan. 1995); Trujillo v. Las Vegas City Sch. Dist., Civ. 94-400 JC (D.N.M. filed Feb. 21, 1995), at 5-7 (Conway, J.).

In K.L. by Dixon v. Valdez, Civ. 93-1350 JP (D.N.M. filed Oct. 6, 1995), I declined to apply a heightened pleading standard in a similar case. However, I now conclude that Leatherman did not overrule Tenth Circuit precedent imposing a heightened pleading standard when qualified immunity is implicated. I am particularly persuaded by the reasoning of Judge Bruce Black in

3

Grohn v. Village of Ruidoso, Civ. No. 95-1244 BB/JHG (D.N.M. filed Aug. 27, 1996) and Ortiz v. San Miguel County, Civ. No. 95-971 BB/WWD (D.N.M. filed Aug. 12, 1996), in which he applied a heightened pleading standard, noting that several circuit courts of appeals have refused to modify their pre-Leatherman decisions on the rationale that the Leatherman majority specifically declined to address heightened pleading in individual capacity suits.  See, e.g., Veney v. Hogan, 70 F.3d 917, 920-21 (6th Cir. 1995); Edgington v. Missouri Dep't of Corrections, 52 F.3d 777, 779 n.3 (8th Cir. 1995); Branch v. Tunnell, 14 F.3d 449, 455-57 (9th Cir.), cert. denied, 512 U.S. 1219, 114 S. Ct. 2704 (1994); Babb v. Dorman, 33 F.3d 472, 475 n.5, 477 ( 5th Cir. 1994); see also Kartseva v. Department of State, 37 F.3d 1524, 1530-31 (D.C. Cir. 1994) (continuing to apply heightened pleading standard without discussing Leatherman); Gehl Group v. Koby, 63 F.3d 1528, 1537-38 (10th Cir. 1995) (referring with approval to heightened pleading standard regarding motion for summary judgment on basis of qualified immunity).

   Thus, I  must determine whether those portions of Plaintiffs' complaint setting forth section 1983 claims against Defendant Kerrigan include all the factual allegations necessary to sustain a conclusion that Kerrigan violated clearly established law.  Sawyer, 908 F.2d at 667. Plaintiffs' Amended Complaint does not meet this standard.  The Amended Complaint merely states that Defendant Kerrigan knowingly placed a foster child who was a sex offender in Plaintiffs' home, where the child then molested Plaintiffs Gabriel and Cherish King.  Nowhere does the Amended Complaint assert that Kerrigan has violated clearly established law or violated a duty to the plaintiffs imposed upon her by law.  Plaintiffs' bare assertion of alleged violation of Fourth, Eighth, and Fourteenth Amendment rights, without more, fails to meet Sawyer's heightened pleading standard.  Consequently, Plaintiffs' Amended Complaint should be dismissed

as to Defendant Kerrigan.

However, Plaintiffs requested leave to amend to satisfy a heightened pleading standard if it was applicable.  Under Federal Rule of Civil Procedure 15(a), a court should freely give a party leave to amend a pleading when justice requires.  See Atchison, Topeka and Santa Fe Ry. Co. v. Lennen, 531 F. Supp. 220, 234 (D. Kan. 1981).  The decision to grant leave is within a trial court's discretion.  Polin v. Dun & Bradstreet, Inc., 511 F.2d 875, 877 (10th Cir. 1975).  Allowing Plaintiffs to amend to satisfy the Tenth Circuit's heightened pleading standard will not cause undue delay or prejudice.  See R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 749, 751 (10th Cir 1975).   Although Defendant Kerrigan argues that asserting a defense of qualified immunity protects a government worker from the burdens of engaging in discovery, qualified immunity is not a shield from all discovery.  Maxey v. Fulton, 890 F.2d 279, 283 (10th Cir. 1989).   Qualified immunity does protect a defendant from overbroad discovery, however. See Lewis v. City of Ft. Collins, 903 F.2d 752, 754 (10th Cir. 1990).   Therefore, Plaintiffs should be permitted to file a Second Amended Complaint and to go forward with discovery on the narrow issue of whether Defendant Kerrigan's challenged conduct violated clearly established law and whether Kerrigan is entitled to qualified immunity.   Harlow v. Fitzgerald, 457 U.S. at 818; Maxey v. Fulton, 890 F.2d at 282.  Moreover, Defendant Kerrigan is not prejudiced because the Second Amended Complaint will give Kerrigan the opportunity to determine the factual basis of the allegations of misconduct which will assist her in asserting a qualified immunity defense.

Therefore, it is ORDERED that:

(1) Defendant Kerrigan's "Motion to Dismiss" [Doc. No. 9] is GRANTED as to Plaintiffs' claims against Defendant Kerrigan for violation of state civil rights laws and for violation of 42 U.S.C. §1983 in her official capacity; and those claims are DISMISSED WITH PREJUDICE;

(2) Defendant Kerrigan's "Motion to Dismiss" [Doc. No. 9] is GRANTED as to Plaintiffs' claims against Kerrigan for violation of Section 1983 in her personal capacity, and Plaintiffs' Amended Complaint is DISMISSED as to Defendant Kerrigan WITHOUT PREJUDICE;

(3) Plaintiffs may file a Second Amended Complaint complying with the heightened pleading standard outlined by the Tenth Circuit in <u>Sawyer v. County of Creek</u> no later than June 17, 1998.  Plaintiffs may conduct limited discovery on the issue of qualified immunity as explained above.

_____
UNITED STATES DISTRICT JUDGE