IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

**CHERRY KING, as Mother and next of kin to**
**GABRIEL KING and CHERISH KING,**
**Minor Children,**

        **Plaintiffs,**

**v.**                                              **CIV. No. 97-1055 JP/JHG**

**STATE OF NEW MEXICO, CHILDREN**
**YOUTH AND FAMILIES DEPARTMENT,**
**ERIKA MARTINEZ, Director in her official**
**capacity as Employee of Children, Youth,**
**and Families Department, and**
**EMILY KERRIGAN, caseworker, in her**
**official capacity,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

On July 30, 1998, Defendants State of New Mexico and Emily Kerrigan filed their "Motion to Dismiss Second Amended Complaint for Violation of State and Federal Civil Rights" (Doc. No. 26). Through inadvertence, Plaintiffs' response to the motion and Defendants' reply were not filed with the court until December 15, 1998. After careful consideration of the law and the briefs, I conclude that Defendants' motion should be granted and Plaintiffs' claims should be dismissed with prejudice.

### Background

On April 28, 1997, Plaintiffs filed their original Complaint in state district court asserting claims against the Defendants for negligence. The state court granted Defendants' motion to dismiss but permitted Plaintiffs to amend their complaint to state a claim of violation of civil

rights. On August 8, 1997, Defendants removed the case to this court.

In their Amended Complaint, Plaintiffs asserted claims for violations of state and federal civil rights against the State of New Mexico's Children, Youth and Families Department and case worker Emily Karrigan, both individually and in her official capacity. On January 6, 1998, Defendant Karrigan moved to dismiss all claims against her. Plaintiffs conceded that their claims against Defendant Karrigan in her official capacity should be dismissed but argued that their claims against Karrigan in her individual capacity should not. In a Memorandum Opinion and Order entered June 4, 1998 I dismissed Plaintiffs' claims against Karrigan in her official capacity with prejudice and dismissed the claims against Karrigan in her individual capacity without prejudice. I also permitted Plaintiffs to amend their complaint to restate the individual capacity claims to meet the heightened pleading standard of <u>Sawyer v. County of Creek</u>, 908 F.2d 663, 666 (10th Cir. 1990).

On June 11, 1998, Plaintiffs filed their "Second Amended Complaint for Violations of State and Federal Civil Rights." However, the body of the Second Amended Complaint makes no reference to any state civil rights law, asserting only a single count for "Federal Civil Rights Violation." Consequently, I interpret Plaintiffs' Second Amended Complaint to assert solely a federal constitutional claim under 42 U.SC. § 1983. The caption of the Second Amended Complaint identifies as Defendants the State of New Mexico, Department of Children, Youth and Families, and Emily Karrigan in her official capacity. The Second Amended Complaint also names a new Defendant, Erika Martinez, in her official capacity as Director of the Department of Children, Youth and Families. Defendants State of New Mexico and Kerrigan move to dismiss the claims against them because they are barred by the Eleventh Amendment to the United States Constitution.

## Analysis

In Will v. Michigan Department of State Police, the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" who may be sued under Section 1983. 491 U.S. 58, 71 (1989). Thus, neither the State of New Mexico (through its Department of Children, Youth, and Families) nor the individual Defendants sued in their official capacities, can be sued under Section 1983 for violating Plaintiffs' federal constitutional rights. The Plaintiffs conceded this point in their response to Defendant Karrigan's motion to dismiss the Amended Complaint. Consequently, I am a loss to comprehend why Plaintiffs reasserted claims against the State of New Mexico and the individual Defendants in their official capacities in Plaintiffs' Second Amended Complaint. Under the analysis of Will, Plaintiffs' claims against all Defendants should be dismissed.

Even assuming Plaintiffs intended to assert claims against Kerrigan and Martinez in their individual capacities, Plaintiffs' claims should be dismissed because the Second Amended Complaint does not meet the heightened pleading standard announced in Sawyer. Plaintiffs have not pled all the factual allegations necessary to sustain a conclusion that the Defendants violated clearly established law. Sawyer, 908 F.2d at 666.

It is a plaintiff's burden to convince the court not only that the defendants violated the law, but also that the law was clearly established. In doing so, a plaintiff may not simply identify a clearly established right in the abstract and allege that the defendant has violated it. Id. "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Medina v. City and County of Denver, 960 F.2d 1493, 1498 (10th Cir. 1992). The contours of the right must be sufficiently clear that a

reasonable government employee would understand that what she is doing violates that right. Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of preexisting law the unlawfulness must be apparent." Foote v. Spiegel, 118 F.3d 1416, 1424 (10th Cir. 1997) (citing V-1 Oil Co. v. Means, 94 F.3d 1420, 1423 (10th Cir.1996)).

In this case, Plaintiffs have not identified any clearly established federal constitutional right violated by the individual Defendants. They have merely stated, in very general terms, that the individual Defendants failed to follow the Department of Children, Youth, and Families' own internal rules and regulations. Without more, this is insufficient to state a clearly established federal constitutional right and to overcome the individual Defendants' assertion of qualified immunity. See, e.g., Ebmeier v. Stump, 70 F.3d 1012, 1013 (11th Cir. 1995) (stating that violations of state laws, state agency regulations, and state court orders do not establish a federal civil rights claim under Section 1983).

IT IS THEREFORE ORDERED that Defendants' "Motion to Dismiss Second Amended Complaint for Violation of State and Federal Civil Rights" (Doc. No. 26) is GRANTED and Plaintiffs' claims are dismissed with prejudice.

James A. Parker
**UNITED STATES DISTRICT JUDGE**